**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| JONATHAN ALEXANDER MOLINA, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:26-cv-03202-K (BT) |
| | § | |
| PRAIRIELAND DETENTION CENTER, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Jonathan Alexander Molina filed a pro se habeas petition challenging his immigration detention (Doc. No. 3) and an Emergency Motion for Temporary Restraining Order (the "Motion for TRO") (Doc. No. 4) to compel Respondent to release him on an order of supervision pending resolution of his habeas petition or provide him with a bond hearing. Doc. No. 4 at 4. For the following reasons, Petitioner's Motion for TRO is **DENIED**.

For a district court to grant a request for a temporary restraining order, a petitioner must show: (1) a substantial likelihood of success on the merits, (2) a substantial threat that the movant will suffer irreparable injury if the request is denied, (3) that the threatened injury outweighs any damage that the injunction might cause the defendant, and (4) that the injunction will not disserve the public interest. *Jackson Women's Health Org. v. Currier*, 760 F.3d 448, 452 (5th Cir. 2014).

Petitioner fails to show entitlement to a TRO. First, the relief that he seeks through a TRO is the same relief that he seeks in the habeas petition. *See* Doc. No. 3 at 3; Doc. No. 4 at 4. A litigant cannot obtain the ultimate relief sought in a habeas petition through a request for injunctive relief. *See*, *e.g.*, *Lackie v. Stinnie*, 604 U.S. 192, 200 (2025).

Second, Petitioner fails to show a substantial likelihood of success on the merits. His central claim is that his prolonged detention under 8 U.S.C. § 1231(a) is unlawful. Doc. No. 4 at 3. Under § 1231, an alien subject to a final removal order shall be removed from the United States within 90 days and must be detained during this removal period. *See* 8 U.S.C. § 1231(a)(1)–(2). "Section 1231(a)(6) provides . . . that when an alien who has been ordered removed is not in fact removed during the 90-day statutory 'removal period,' that alien 'may be detained beyond the removal period' in the discretion of the Attorney General." *Demore v. Kim*, 538 U.S. 510, 527 (2003). In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court held that detention under § 1231(a) for six months was presumptively reasonable under the Constitution, but after six months, if "the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701.

Here, Petitioner has been detained since February 2, 2026. Doc. No. 3 at 5. He argues that removal is not reasonably foreseeable because he is protected from removal to his country of origin under the Convention Against Torture, because ICE has

identified no third country willing to accept him, and because ICE has provided no evidence that removal is likely in the reasonably foreseeable future. Doc. No. 4 at 3. Yet he also admits that ICE attempted to remove him to Mexico and he refused to get off the bus at the U.S./Mexico border. Doc. No. 3 at 2. So, Petitioner has not shown, based on the limited record before the Court, that there is no significant likelihood of his removal in the reasonably foreseeable future. As much as Petitioner argues that he was not afforded adequate process before ICE tried to remove him to Mexico (Doc. No. 3 at 2), he fails to support his claim with any factual allegations describing the process that he received and why it was deficient.

Petitioner's motion for a TRO (Doc. No. 4) is **DENIED**. His habeas petition remains pending.

SO ORDERED.

Signed September 23rd, 2026.

Ed Kinkeade

ED KINKEADE
UNITED STATES DISTRICT JUDGE